Chief Justice Robertson
delivered the Opinion of the Court.
Frank’s heirs obtained a judgment in ejectment, in 1826, against James Hickman; that judgment was, in 1828, reversed by this court, because title had not been proved in all the lessors, and the demise and the judgment were joint in the names of all. The case having been remanded; for a new trial, the suit was abated by Hickman’s death.
In October, 1830, the appellees, claiming to be the heirs of the said James Hickman, moved the circuit court for restitution, alleging, that their ancestor had been evicted prior to the reversal of the judgment in ejectment. The circuit court ordered a writ of restitution to issue, and this appeal is prosecuted to reverse that order.
The record does not show that any habere- facias had ever been issued on the judgment in ejectment, or that Hickman had ever been evicted, in fact, by a writ. The right of the appellees to restitution cannot be ascertained by the record-, but must depend (if it exists at all) pn extraneous facts, in pais, subject to controversy. '
Payne, for appellants; Chinn, for appellee.
In such a case, it is well settled that restitution should not be ordered upon a summary proceeding, by motion. Crocket vs. Lashbrook, V Mon.; Norton vs. Sanders, II J. J. Marsh.
■ Besides, as the ejectment abated by Hickman’s death, a new ejectment might be necessary, if the appellants should be turned out by a writ of restitution; and then, although they had, on a former trial, proved that some of them at least had a right to recover* they might be barred by lapse of time.
in the exercise of a sound discretion, the circuit Court should have forborne to interfere upon motion, and have left the parties to their ordinary legal remedies, whereby their rights may be properly tried, gnd finally concluded.
Order reversed.